D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MIGUEL MALDONADO,

                      Petitioner,

           -against-

WILLIAM LEE,

                      Respondent.
------------------------------------------------------X

**ORDER**
09-CV-5270 (SJF)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JUL 3 1 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

Incarcerated pro se petitioner Miguel Maldonado ("petitioner" or "Maldonado") has filed the instant petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Docket Entry No. 1]. For the reasons that follow, the petition is denied in its entirety.

I.    Factual Background and Procedural History

In or around 2003, Maldonado was indicted in Kings County Supreme Court on four (4) counts: two (2) counts of murder in the second degree, in violation of Penal Law §§ 125.25 [1] and 125.25 [2], one (1) count of criminal possession of a weapon in the second degree, in violation of Penal Law § 235.03, and one (1) count of criminal possession of a weapon in the third degree, in violation of Penal Law § 265.02 [4]. Affidavit of Morgan J. Dennehy [Docket Entry No. 5] ("Dennehy Aff.") at ¶ 5. According to respondent, Maldonado had driven an individual named Edwin Puga ("Puga") to a location in Brooklyn, where he handed Puga a

1

firearm. Puga then shot a third individual, Santiago Camacho, who ultimately died from his injuries. Id. at ¶ 4.

On January 19, 2005, Maldonado entered a plea of guilty to one (1) charge of manslaughter in the first degree, in violation of Penal Law § 125.20 [1]. Id. at ¶ 6. In an affidavit, respondent's attorney states that Maldonado was "promised" a sentence of nineteen (19) years' imprisonment and five (5) years of post-release supervision; this is the same sentence imposed by Justice Gustin Reichbach on February 10, 2005. Id.

Petitioner's attorney moved the Appellate Division, Second Department for a reduction in petitioner's sentence in the interest of justice. Id. at ¶ 7. By order dated June 19, 2007, the Appellate Division affirmed defendant's sentence without opinion. Id. at ¶ 8; People v. Maldonado, 41 A.D.3d 736 (2d Dep't 2007).

On January 14, 2008, petitioner filed a petition for a writ of habeas corpus in this Court, arguing that his sentence was "excessive" and "over the sentence guideline for [his] crime." Case No. 08-CV-696, Docket Entry No. 1. In a letter dated April 14, 2008, petitioner sought to stay his petition in order to exhaust an "additional issue" in state court. Case No. 08-CV-696, Docket Entry No. 8. By order dated April 22, 2008, the Court dismissed that action without prejudice. Case No. 08-CV-696, Docket Entry No. 9.

On June 9, 2008, petitioner filed a motion pursuant to Criminal Procedure law § 440.20 in the Kings County Supreme Court, arguing, inter alia, that his sentence was greater than the maximum permitted by law and that his indictment had been defective because it had contained multiplicitous counts. Dennehy Aff. at ¶ 13. In an order dated March 9, 2009, the Supreme Court denied defendant's motion, holding that: (1) the sentence was legal because it was within

the parameters specified by the Penal Law, (2) that his excessive sentence claim was not cognizable in a motion to set aside a sentence, and (3) that there were no multiplicitious counts in the indictment. Id. at ¶ 14. Maldonado applied for leave to appeal to the Appellate Division, which was denied by order dated June 11, 2009. Id. at ¶ 15.

On November 6, 2009, petitioner filed the instant petition in this Court.

II. Discussion

A. Standard of Review

Pursuant to 28 U.S.C. §2254(d), an application for a writ of habeas corpus:

"[S]hall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

"An 'adjudication on the merits' is one that '(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" Bell v. Miller, 500 F.3d 149, 155 (2d Cir. 2007) (citing Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001)).

The Supreme Court has stated that "[a]s amended by AEDPA, 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." Harrington v. Richter, --- U.S.----, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) ("If this standard was difficult to meet, that is because it was meant to be."). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting

3

Jackson v. Virginia, 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring)). A state court's unreasonable application of law must have been more than "incorrect or erroneous"; it must have been "objectively unreasonable." Sellan, 261 F.3d at 315 (quotations and citation omitted); see also Sorto v. Herbert, 497 F.3d 163, 169 (2d Cir. 2007).

Claims that were not adjudicated on the merits in state court are not subjected to the deferential standard that applies under AEDPA. See Cone v. Bell, 556 U.S. 449, 129 S.Ct. 1769, 1784, 173 L.Ed.2d 701 (2009) (citing 28 U.S.C. §2254(d)). Where AEDPA's deferential standard of review does apply, the "state court's determination of a factual issue is presumed to be correct, and may only be rebutted by clear and convincing evidence." Bierenbaum v. Graham, 607 F.3d 36, 48 (2d Cir. 2010) (citing 28 U.S.C. §2254(e)(1)). Federal habeas review is limited to determining whether a petitioner's custody violates federal law, see 28 U.S.C. §2254(a), and "does not lie for errors of state law." Swarthout v. Cooke, --- U.S. ----, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011).

B.  Petitioner's Arguments

It appears that petitioner seeks a writ of habeas corpus on the same grounds as those he raised in his C.P.L. § 440.20 motion, namely that: (1) his sentence is "excessive," and (2) that his indictment contained "multiplicitous counts" in violation of the Double Jeopardy Clause of the Fifth Amendment.

4

C.  Excessive Sentence Claim

Petitioner appears to argue that his sentence was above the range permitted by New York State law. This claim is plainly meritless. As respondent points out, petitioner entered a plea of guilty to one (1) count of manslaughter in the first degree, a class B violent felony offense. See Penal Law §§ 125.20, 70.02. In the case of a class B violent felony offense, the defendant's term of imprisonment "must be at least five years and must not exceed twenty-five years . . . ." Penal Law § 70.02(3)(a). Thus, petitioner's nineteen (19)-year sentence is well within the statutory range. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.").[1]

D.  Fifth Amendment Claim

Next, Maldonado argues that his indictment contained multiplicitous counts, in violation of the Fifth Amendment's Double Jeopardy Clause, because it charged him with two (2) separate counts of second degree murder.

"A multiplicitous indictment 'violates the Double Jeopardy clause of the Fifth Amendment, subjecting a person to punishment for the same crime more than once,' and also 'may improperly prejudice a jury by suggesting that a defendant has committed not one but

---

[1] To the extent petitioner intends to argue that his sentence should be reduced in the interest of justice pursuant to Criminal Procedure Law §§ 470.15 and 470.20, this is a state law claim that cannot be raised in a habeas petition. See Hudgins v. People of the State of New York, No. 07-CV-01862, 2009 WL 1703266, at *9 (E.D.N.Y. June 18, 2009) ("[T]o the extent that petitioner relies on state law as a grounds for an excessive sentence claim, such claim is not cognizable on habeas review."); see also Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

5

several crimes.'" Timmons v. Lee, No. 10-CV-1155, 2010 WL 3813963, at *9 (E.D.N.Y. Sept. 23, 2010) (quoting United States v. Reed, 639 F.2d 896, 904 (2d Cir. 1981)). "An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." United States v. Kerley, 544 F.3d 172, 178 (2d Cir. 2008) (quoting United States v. Chacko, 169 F.3d 140, 145 (2d Cir. 1999)). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

The indictment does charge Maldonado with two (2) counts of murder in the second degree, one (1) under Penal Law § 125.25 [1], and one (1) under Penal Law § 125.25 [2]. Unlike the first count, the second count charges petitioner with second degree murder under a "depraved indifference to human life" theory. See Docket Entry No. 7 at 16. The fact that petitioner was *charged* with both crimes does not mean that there was a constitutional violation. Indeed, had petitioner proceeded to trial, the People would have been permitted to submit both counts to the jury, as long as these counts were submitted in the alternative. See People v. Gallagher, 69 N.Y.2d 525, 528, 516 N.Y.S.2d 174, 508 N.E.2d 909 (1987) ("Where a defendant is charged with a single homicide, in an indictment containing one count of intentional murder and one count of depraved mind murder, both counts may be submitted to the jury, but only in the alternative.").

However, this claim is meritless, because, despite his claim that he pleaded guilty to both counts of murder in the second degree, he actually pleaded guilty to only one (1) count of

6

manslaughter in the first degree.[2] Therefore, there was no Double Jeopardy violation. See Ross v. Kirkpatrick, No. 09-CV-0631, 2011 WL 1599636, at *4 (W.D.N.Y. Apr. 27, 2011) (no Double Jeopardy violation when petitioner who was charged with both depraved indifference and intentional murder only convicted of intentional murder).

III.  Conclusion

For the foregoing reasons, Maldonado's petition for a writ of habeas corpus is denied in its entirety. As petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(1). In accordance with Federal Rule of Civil Procedure 77, the Clerk of Court shall serve a copy of this order upon all parties, including petitioner at his last known address.

The Clerk of Court is directed to close this case.

---

[2] The Supreme Court made this fact abundantly clear to petitioner. At the plea hearing, petitioner had this exchange with the court:

| | |
|---|---|
| THE COURT: | [D]o you understand that if this plea is accepted by the Court, it will be exactly the same as if you had gone to trial and been found guilty after trial by the jury of manslaughter in the first degree? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And do you understand that that is what you're pleading guilty to, manslaughter in the first degree? |
| THE DEFENDANT: | Yes. |

Transcript of Plea Hearing, Docket Entry No. 7, at 5:11-20.

**SO ORDERED.**

                                         s/ Sandra J. Feuerstein
                                         _____
                                         Sandra J. Feuerstein
                                         United States District Judge

Dated:        July 31, 2012
                Central Islip, New York